IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUEY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3360 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST CO., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This case was removed from state to federal court. The defendant, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc. Asset-Backed Pass-Through Certificates Series 2003-1 (Deutsche Bank), has moved to dismiss the claims, with prejudice, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 8). The plaintiff, Huey Johnson, has opposed the motion, (Docket Entry No. 12), and Deutsche Bank replied to the response, (Docket Entry No. 13). For the reasons explained below, the motion to dismiss is granted with leave to amend no later than **January 7, 2011**.

**I.     The Legal Standard for a Motion to Dismiss**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1974).  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65); *see also S. Scrap Material Co. v. ABC Ins. Co.* (*In re S. Scrap Material Co.*), 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, 129 S. Ct. 1669 (2009).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs

advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

**II.     Discussion**

    **A.     The Plaintiff's Petition and the Motion to Dismiss**

This case arises out of a home equity loan that Johnson obtained on his Texas homestead on December 2, 2002, from Ameriquest Mortgage Company. In the state-court petition, Johnson asserted the following claims:

- A claim under the Texas Constitution, Art. XVI, § 50(a)(6) *et seq.*, that Deutsche Bank must forfeit all principal and interest on the loan because it is void. (Docket Entry No. 1, Plaintiff's Original Petition, ¶ 16, 22(h)).

- A claim for a declaratory judgment that the loan is invalid and that Deutsche Bank is not the holder of the loan. (*Id*., ¶ 22(a)).

- Claims that Deutsche Bank violated the Fair Debt Collection Practices Act (FDCPA) and the Truth in Lending Act (TILA). (*Id*., ¶¶ 24, 26).

Johnson attached to his original complaint the Texas Home Equity Note, (*id*., Ex. A); the Texas Home Security Instrument (Deed of Trust), (*id*., Ex. B); and Corporate Assignment of Deed of Trust, (*id*., Ex. D).

In the motion to dismiss, Deutsche Bank argues that the claims under the Texas Constitution are barred on the face of the complaint by limitations; based on the documents the plaintiff attached to the complaint and a document that is a matter of public record subject to judicial notice, there is no legal or factual basis for the claim that Deutsche Bank is not the holder of the loan entitled to enforce it; and that the claims under the FDCPA and the TILA fail as a matter of law. (Docket Entry No. 8). In response, Johnson invoked the discovery rule and the fraudulent concealment doctrine to assert that limitations did not bar his claims under the Texas Constitution. He urges that he be given leave to plead this rule and defense affirmatively. Johnson also argued that the documents Deutsche Bank cited did not show that it was the holder of the Note. As to the federal statutory claims under the FDCPA and TILA, Johnson "does not contest the dismissal of these claims," but seeks dismissal without prejudice. (Docket Entry No. 12, ¶¶ 49–50).

Each argument and response is considered below.

### B. The Texas Constitutional Claim

In his response to the motion to dismiss, Johnson clarified that he bases his constitutional claims on the valuation of his property. Johnson states that under the Texas Constitution, Art. XVI, § 50(a)(6)(B), the "principal amount of the loan at the time the loan was made must not have exceeded an amount that, when added to the principal balances of all other liens against the home,

is more than 80 percent of the fair market value of the home." Johnson asserts that the initial appraisal was inflated but he did not know that until there was a "forensic loan audit" on April 27, 2010. (*Id.*, ¶ 50). Johnson also invokes Article XVI, § 50(a)(6)(E) of the Texas Constitution, under which fees and charges to make the loan may not exceed 3 percent of the loan amount. Johnson alleges that the fees he was charged included fees "camouflaged" as loan discount points. (Docket Entry No. 12, ¶ 43); (Docket Entry No. 1, Plaintiff's Original Petition, ¶ 15(b)). He argues that the discovery rule and fraudulent concealment apply to toll limitations period and allow him to proceed with this lawsuit.

The first issue is when the limitations period for Johnson's claims accrue. The Texas constitutional provisions Johnson invokes do not define when the limitations period for a claim accrues. *See* Tex. Const. art. XVI, § 50(a)(6)(A)–(Q); Tex. Civ. Prac. & Rem. Code § 12.002(a), (b). Under Texas law, when a claim accrues is a question of law. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001) (when a cause of action accrues is a question of law, not fact); *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) (courts are charged with the "responsibility of articulating the rules governing accrual" when the accrual date is not defined in the statute). The general rule governing the accrual of a claim for limitations purposes is the "legal injury rule." Under that rule, a claim accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).

In a case involving Texas constitutional claims similar to Johnson's, a Texas court held that the legal injury occurred when the lender made the loan in excess of the amount the Texas constitution allowed. In *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 840 (Tex.

App.—Dallas 2008, no pet.), the Texas appellate court determined whether the trial court had erred in granting summary judgment on limitations when it found that the several claims made in the lawsuit, including claims for violations of Article XVI, § 50(a)(6)(B), were barred because they were filed more than four years after the closing date of the home equity loan. *Id.* at 837. The *Rivera* court applied the four-year statute of limitations found in Texas Civil Practices and Remedies Code § 16.051, which provides a residual four-year period when no other limitations period applies. The parties to the *Rivera* suit had agreed that the four-year period under § 16.051 applied to their constitutional claims. *Id*. at 839–40. The court then had to determine whether the cause of action accrued on: the date of the loan closing as asserted by the lender; the date of the final installment payment due on the home equity note; or, alternatively, in the event of foreclosure, on the date of the acceleration of the note, as asserted by the borrower. *Id.* Because the Texas constitutional provision did not define an accrual date for violations, the court had to do so. *Id.* The court followed the general rule that "the accrual of a claim for purposes of limitations is 'the legal injury rule,' which states that a claim accrues 'when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.'" *Id.* (quoting *Murphy*, 964 S.W.2d at 270). Rejecting the borrowers' argument "that the cause of action did not accrue until the 'maturity date of the last note, obligation, or installment,'" the court concluded that the legal injury occurred when the loan was made in violation of the home equity statute, which was the date when the loan closed. *Id.* at 840–41; s*ee also In re Ortegon,* 398 B.R. 431, 439 -440 (Bankr. W.D. Tex. 2008) (applying same rule on which the cause of action accrued). The *Rivera* court did not, however, decide whether the discovery rule or fraudulent concealment

6

could apply to defeat limitations. 262 S.W.3d at 841. The plaintiffs raised these arguments after the submission date of the summary judgment motions and without leave of court.

As the courts recognized in *Rivera* and *Ortegon*, the four-year statute of limitations applies to the Texas constitutional claims Johnson raises. Those claims are barred by limitations unless the discovery rule or fraudulent concealment applies to defer the accrual date.

The discovery rule applies to cases in which "the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable." *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1994)). The discovery rule only applies when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable. *Computer Assocs. Int'l*, 918 S.W.2d at 456. An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence. *S.V.*, 933 S.W.2d at 7. "Inherently undiscoverable" does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period. *Id.* Instead, a court determines whether an injury is inherently undiscoverable on a categorical basis. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001) (citing *S.V.*, 933 S.W.2d at 6); *see also HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). In *HECI,* the plaintiffs were members of a family who owned royalty interests under an oil and gas lease. 982 S.W.2d 884. The lessee and operator, HECI Exploration Company, discovered that AOP, a producer on an adjoining lease, had damaged the common reservoir by overproduction. *Id.* HECI sued AOP in 1988, and obtained monetary and injunctive relief in the trial court. *Id.* HECI and AOP eventually settled the suit and filed a release of judgment. *Id.* The family sued HECI in 1993, more than four years after damage to the reservoir had occurred. *Id.* Among other things, they alleged

that HECI violated an implied covenant to notify them of the need to sue AOP. The court assumed without deciding that such an implied covenant exists, but held that the statute of limitations barred the claim. *Id.* at 888. The court emphasized that several sources of information about existence of a common reservoir and operations within it were available to the royalty owners. Because damage to the common reservoir was not inherently undiscoverable, the lessee's failure to notify the Neels of their potential claims did not toll limitations. *Id.* at 887; *see also Wagner & Brown, Ltd. v. Harwood*, 58 S.W.3d 732 (Tex. 2001).

If a case involves allegations of fraud or fraudulent concealment, accrual may be deferred on the basis that a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run. *Cf. S & M Representatives, Inc. v. Hrga*, No. Civ.A .3:96-CV-1863-G, 1998 WL 267945, at *3 n.4 (N.D. Tex. May 15, 1998) ("The doctrine of fraudulent concealment is, essentially, a fraud specific application of the general discovery rule."). Fraudulent concealment works to estop a defendant from asserting limitations as a defense because "a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *S.V.*, 933 S.W.2d at 6. Fraudulent concealment tolls the statute of limitations until the injured party, using reasonable diligence, discovered or should have discovered the injury. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999). The elements of fraudulent concealment are (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. *Glover v. Union Pacific R.R. Co.*, 187 S.W.3d 201, 217 (Tex.App.—Texarkana 2006, pet. denied); *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex.App.—Fort Worth 1997, pet. denied).

Johnson argues that the discovery rule or fraudulent concealment applies to his claims under the Texas constitution. Those claims are based on the valuation of the property in 2002. *See* (Docket Entry 1, Plaintiff's Original Petition ¶ 15); (Docket Entry No. 12, Plaintiff's Brief in Response to Defendant's Motion to Dismiss, ¶ 41 (explaining that the constitutional claims involve valuation, because the principal amount of the loan when it was made must not have exceeded an amount that, when added to the principal balances of all other liens against the home, is more than 80 percent of the fair market value of the home)). Johnson asserts that he did not discovery the problems with the valuation of the property—the allegedly inflated appraisal performed by the original lender—until a loan audit was performed in April 2010. The complaint allegations, as the defendant notes, make clear that the audit was merely a review of the documents provided to Johnson at the loan closing in December 2002 and the tax appraisal's statement of the property's value in 2002. Johnson had the loan documents and had access to the 2002 valuation long before the loan audit. There is no basis to infer that the loan audit provided new information that would have revealed the constitutional violation Johnson asserts. The complaint allegations do not support the application of the discovery rule or fraudulent concealment. The Texas constitutional claim based on the 2002 valuation is dismissed, with leave to amend no later than **January 7, 2011**.

Johnson also argues that the discovery rule or fraudulent concealment applies to toll limitations for his claim under the Texas constitution based on allegedly excessive fees and charges. Johnson alleges that some of the fees and charges assessed when the loan was made in 2002 were "camouflaged" as loan discount points. The claim that some fees were concealed as loan discount points triggers the fraudulent concealment doctrine. "Unlike the discovery rule, which determines when the limitations period begins to run, the doctrine of fraudulent concealment suspends the

running of the limitations period after it has begun because the defendant concealed facts necessary for the plaintiff to know that a claim existed." *Booker v. Real Homes, Inc.*, 103 S.W.3d 487, 493 (Tex. App.—San Antonio 2003, pet. denied). "[W]hen a defendant has fraudulently concealed the facts forming the basis of the plaintiff's claim, limitations . . . begin[s] to run [when] the claimant, using reasonable diligence, discovered or should have discovered the injury." *KPMG Peat Marwick*, 988 S.W.2d at 750. Knowledge of facts that would make a reasonable person inquire and discover a concealed cause of action is equivalent to knowledge of the cause of action for limitations purposes. *Booker*, 103 S.W.3d at 493; *Southwest Olshan Foundation Repair Co., LLC v. Gonzales*, No. 04-09-00232-CV, 2010 WL 1608888, at *4 (Tex. App.—San Antonio Apr. 21, 2010, no pet.).

Johnson's allegations that the fees he was charged in 2002 were artificially reduced because some of the fees were "camouflaged" as loan discount points cannot be dismissed on the basis of the complaint. Johnson has asserted that the defendant concealed the amount of the fees by disguising a portion as loan discount points. Because Johnson has not pleaded the fraudulent concealment doctrine, these allegations are dismissed, but with leave to amend to plead that doctrine and to clarify the basis for the claim that he was charged excessive fees in 2002 and those fees were improperly concealed.

### C.     The Claim that Deutsche Bank Is Not the Holder of the Note

In response to Johnson's allegations that Deutsche Bank, which is the Assignee of the Note, is not the "current holder" entitled to enforce it, Deutsche Bank points to the documents that Johnson attached to his complaint. The documents include the Note and the Deed of Trust attached to the complaint as Exhibits A and B. These documents show that the original holder of the Note was Ameriquest. Exhibit D is the Corporate Assignment of Deed of Trust. It shows the transfer

10

effective February 11, 2009 of the Note and the Deed of Trust from Ameriquest to Deutsche Bank by Citi Residential Lending Inc., which was Ameriquest's attorney-in-fact. The power of attorney is referred to the Assignment attached to Johnson's complaint, attached to Deutsche Bank's motion to dismiss, and, as Deutsche Bank notes, recorded in the Harris County real property records. Deutsche Bank was assigned Ameriquest's rights to enforce the Note. TEX. BUS. & COM. CODE § 3.301. There is no cause of action on which Johnson can recover from Deutsche Bank's alleged inability to show that it is the assignee of the Note and entitled to enforce it. The motion to dismiss the claims for relief based on Johnson's claim that there are no documents showing a chain of custody that would grant Deutsche Bank holder status is granted, with prejudice to reassertion. Because amendment of these allegations would clearly be futile, leave to amend this claim is not granted.

### D. The FDCPA and TILA Claims

Johnson does not contest the dismissal of his FDCPA claims — which do not apply as a matter of law because Deutsche Bank is not a debt collector under the statute — and his TILA claims — which do not apply because the disclosure provisions Johnson asserts were violated, 15 U.S.C. § 1641(g), were enacted after the alleged violation. Johnson asks that these claims be dismissed, but without prejudice to refiling. Deutsche Bank seeks their dismissal with prejudice because refiling would be futile. This court agrees. These claims are dismissed, without leave to amend.

## III. Conclusion

The Texas constitutional claims based on the loan value and the fees charted are dismissed, with leave to amend to assert the discovery rule and fraudulent concealment doctrines to avoid the

limitations bar. The claim that Deutsche Bank is not the holder of the Note and the FDCPA and TILA claims are dismissed with prejudice, without leave to amend. An amended complaint must be filed no later than **January 7, 2011**.

SIGNED on December 1, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge